UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REDENTOR GALANG,

    Petitioner,

    v.

A. P. KANE, warden,

    Respondent.

No. C 06-3546 MHP (pr)

**ORDER REQUIRING ELECTION BY PETITIONER ON MIXED PETITION**

    Redentor Galang challenges a 2004 parole decision in this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed the petition and issued an order to show cause why the writ should not be issued on two due process claims (i.e., a biased decision-maker claim and an insufficiency of the evidence claim). Respondent filed an answer. Petitioner filed a traverse. In his traverse, petitioner argued, among other things, that the parole regulations violated his right to due process because they were overbroad and vague. See Traverse, pp. 9-10, 14. This was a new claim that had not been asserted in his original petition, had not been mentioned in the order to show cause and had not been discussed in respondent's answer. More importantly, the claim had not been presented to the California Supreme Court before the federal petition was filed. See Resp. Exh. 13. This situation is problematic in that respondent has not had an opportunity to respond to the claim and, more importantly, the state courts haven't had an opportunity to consider it.

    State judicial remedies have not been exhausted for the claim, as they must before a claim may be considered by this court. See 28 U.S.C. § 2254(b). Prisoners in state custody who want to challenge either the fact or length of their confinement in federal court by a

petition for a writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  Galang's habeas petition to the California Supreme Court did not include the new claim that the parole regulations were unconstitutionally vague and overbroad.  See Resp. Exh. 13.  His federal petition (as supplemented by the new claim in the traverse) contains both exhausted claims and an unexhausted claim and therefore is what is referred to as a "mixed" petition.  See Rhines v. Weber, 544 U.S. 269, 277 (2005).   The court cannot adjudicate the merits of a mixed petition.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Galang the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claim before having this court consider all three claims.  Galang must choose whether he wants to

    (1) dismiss the unexhausted claim and go forward in this action with only the exhausted claims, or

    (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

    (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim in the California Supreme Court.

Galang is cautioned that the options have risks which he should take into account in deciding which option to choose.  If he chooses option 1 and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition challenging the 2004 parole decision. See 28 U.S.C. § 2244(b).  If he chooses option 2, dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may

be rejected as time-barred. See 28 U.S.C. § 2244(d).  If he chooses option 3, he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claim, and to return to this court.  And under option 3, this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in the California Supreme Court.

In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.  The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277.  A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78.  Any stay must be limited in time to avoid indefinite delay. Id.  Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).

## CONCLUSION

Petitioner must file and serve no later than **April 30, 2008**, a notice in which he states whether he elects to (1) dismiss the unexhausted claim and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claim.  If he chooses Option 1 or Option 2, his filing need not be a long

document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order Granting Motion To Dismiss And Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option 3, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claim in state court before presenting it to this court, that his claim is not meritless, and that he is not intentionally delaying resolution of his constitutional claims. He must file the motion for a stay no later than **April 30, 2008**. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the unexhausted claim.

　　IT IS SO ORDERED.

DATED: March 19, 2008

_____
Marilyn Hall Patel
United States District Judge